[Civ. No. 4286.  First Appellate District, Division Two.—October 23, 1922.]

D. J. MOORADIAN, Appellant, v. GARABED MARKARIAN, Respondent.

GARABED MARKARIAN, Respondent, v. D. J. MOORADIAN, Appellant.

[1] PROMISSORY NOTE—AGREEMENT FOR CANCELLATION—SALE OF PROPERTY—FAILURE OF CONSUMMATION—EVIDENCE—FINDINGS.—In these actions, the first being brought to secure the cancellation of a certain promissory note which the plaintiff in that action alleged was taken by him and canceled in payment for the first installment of the purchase price of a piece of property which he agreed to sell to the defendant, the second being brought by the latter against the former for the collection of said note, the trial court was justified in finding from the evidence that the agreement which was executed by the parties was merely a preliminary agreement which expressly called for a final agreement and which contemplated further negotiations for the purpose of agreeing upon the terms, conditions, and provisions to be included in the final contract, and that such preliminary agreement was never delivered.

APPEAL from a judgment of the Superior Court of Fresno County.  D. A. Cashin, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Everts, Ewing & Wild and J. R. Fitch for Appellant.

Gallaher, Simpson & Hays for Respondent.

NOURSE, J.—Two actions were, by stipulation, tried together, one brought by the appellant against respondent for the cancellation of a promissory note, the second by respondent against appellant for collection of the same note. Respondent obtained judgment in both cases.  In his answer to the second case appellant alleged that the note had been taken by him in payment for the first installment of the purchase price of a piece of property which he agreed to sell to the respondent; that an agreement of sale was executed by both parties wherein it was agreed that the note should be canceled and declared void; that respondent thereafter

entered into possession of the premises, but had failed to pay the interest due on the first day of December, 1920, and had thereafter abandoned the property.

[1] The trial court found that the agreement which was executed by the parties was merely a preliminary agreement which expressly called for a final agreement and which contemplated further negotiations for the purpose of agreeing upon the terms, conditions, and provisions to be included in the final contract; that this preliminary agreement was not delivered to respondent but was by the appellant delivered to his own attorney with instructions to said attorney to prepare a final agreement. The trial court also found that the allegations relating to the taking of possession by respondent were not true.

On this appeal appellant attacks the findings relating to the manner in which the preliminary agreement was executed and delivered and also the finding that the preliminary agreement contemplated further negotiations. As to the first, appellant refers to the testimony of the witness Ohanian in which he said that he understood that he was acting as attorney for both parties and not for the appellant alone; but respondent points to the testimony of the appellant in which he said that Ohanian was his attorney. On the other issue the evidence is even less conflicting, the testimony of appellant showing that as to several important matters future negotiations were to be had.

Appellant does not attack the finding that respondent did not enter into possession, but does refer to some testimony of the appellant himself, brought out upon inquiry of the trial court, from which it might have been found that this allegation of the answer was true. The testimony is not positive or convincing and we assume the trial court rejected it. We find substantial evidence in the record to support the findings under attack.

Judgments affirmed.

Sturtevant, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 22, 1922.

All the Justices present concurred.